UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

UNITED STATES OF AMERICA,

v.

ROBERT L. NICHOLS, JR.,

Petitioner.

Criminal Action No. 3:06-CR-199
Civil Action No. 3:13-CV-474

**MEMORANDUM OPINION**

THIS MATTER is before the Court on *pro se* Petitioner Robert L. Nichols' Motion Under

28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody

("§ 2255 Motion") (ECF No. 31), and the Government's Motion to Dismiss Petitioner's Motion to

Vacate, Set Aside, or Correct Sentence ("Motion to Dismiss") (ECF No. 35). For the reasons set

forth below, the Motion to Dismiss is GRANTED and the § 2255 Motion is DISMISSED.

I.     **BACKGROUND**

a.   ***Factual Background***

According to the Statement of Facts (ECF No. 19), on May 2, 2006 Officers Spencer and

Howe of the Richmond Police Department and Virginia State Troopers Cash and Miller started

to approach two persons at the intersection of 19th Street and Dinwiddie Avenue in Richmond,

Virginia. One of the persons, Petitioner Robert L. Nichols, Jr. ("Nichols" or "Petitioner"), went

to the door of the residence at 1903 Dinwiddie Avenue and acted as though he was knocking at

the door. Officer Spencer requested that Nichols come back down to the sidewalk and speak

with her. Nichols came down the steps from the porch and asked what was going on. After

Officer Spencer replied that nothing was going on, she asked Nichols if he had any weapons on

him and if he would consent to a weapons pat-down. Nichols took a step back and asked why the

officer wanted to pat him down. Officer Spencer repeated the request, and moved to the side of

Nichols where she observed a large bulge that appeared to be a firearm in the back of his waistband under his shirt. Officer Spencer moved toward Nichols, who then began running away.

Officers Spencer and Howe and Troopers Cash and Miller began to pursue Nichols as he fled. During the pursuit, Nichols threw a number of items on the ground, including currency, a plastic baggie, and a firearm. When Officer Howe and Trooper Cash were able to catch Nichols, he was uncooperative and force was required to take him into custody. Nichols was taken to the Medical Center of Virginia ("MCV") for treatment and medical clearance. At MCV, Nichols broke loose from Trooper Miller and fled, but was subsequently found hiding behind a dumpster and was again taken into custody.

It was later discovered that the plastic baggie contained 65 baggie corners totaling 2.97 grams of heroin, and the firearm was a 10 mm semiautomatic pistol.

### b. *Procedural Background*

On June 7, 2006, a federal grand jury in the Eastern District of Virginia returned a four-count Indictment against Nichols alleging: (1) possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841; (2) possession of cocaine base, in violation of 21 U.S.C. § 844; (3) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and (4) possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On August 1, 2006, the grand jury returned a four-count superseding indictment (ECF No. 5), charging Nichols with: (1) possession with intent to distribute heroin, in violation of 21 U.S.C. § 841 ("Count One"); (2) possession of heroin, in violation of 21 U.S.C. § 844 ("Count Two"); (3) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) ("Count Three"); and (4) possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) ("Count Four").

On February 21, 2007, Nichols pleaded guilty to Counts One and Three of the superseding indictment. (ECF No. 18.) On May 23, 2007, this Court sentenced Petitioner to 240

months' imprisonment and three years of supervised release on Count One, and 60 consecutive months' imprisonment and three years of supervised release on Count Three. (ECF No. 27.) The remaining counts of the superseding indictment were dismissed on motion of the Government. Nichols did not appeal his conviction.

Nichols' present § 2255 Motion was filed in this Court on July 22, 2013. In his § 2255 Motion, Nichols alleges two grounds for relief:

> Ground One:   Ineffective assistance of counsel for failure to file an appeal as to the erroneous guideline range
>
> Ground Two:   Ineffective assistance of counsel for failure to advise Nichols of his right to appeal

The United States filed its Motion to Dismiss on October 4, 2013 ("Gov'ts Resp.") (ECF No. 35). Nichols filed a reply on October 24, 2013 ("Reply Mem.") (ECF No. 36). The issue is now ripe for review.

## II.   LEGAL STANDARD

Under 28 U.S.C. § 2255 ("§ 2255"), a prisoner in federal custody may attack his sentence on four grounds: (1) the sentence violates the Constitution or the laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. § 2255(a); *see also Hill v. United States*, 368 U.S. 424, 426–27 (1962). A claim which does not challenge the constitutionality of a sentence or the court's jurisdiction is cognizable in a § 2255 motion only if the alleged violation constitutes a "miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). To prevail under § 2255, the movant bears the burden of proof by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958); *United States v. King*, 36 F. Supp. 2d 705, 707 (E.D. Va. 1999). A *pro se* petitioner is held to a less exacting standard than an attorney in drafting his petition. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Therefore, the Court generously interprets Nichols' factual allegations and legal contentions.

3

III.   **DISCUSSION**

Petitions for collateral relief pursuant to § 2255 are subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). Specifically, a petition under § 2255 must be filed within one year after the latest date on which: (1) the judgment against the defendant became final; (2) any impediment to making the motion that was created by the government and violates the Constitution or laws of the United States was removed; (3) the Supreme Court first recognized the right the defendant claims, provided that the right applies retroactively to cases on collateral review; or (4) the facts supporting the defendant's claim could have been discovered by exercising due diligence. *Id.* The one-year limitation period has been construed as a statute of limitations rather than a jurisdictional bar. *See Day v. McDonough*, 547 U.S. 198, 205 (2006). Lack of timeliness is an affirmative defense, *United States v. Blackstock*, 513 F.3d 128, 133 (4th Cir. 2008), and subject to equitable tolling. *United States v. Prescott*, 221 F.3d 686, 688 (4th Cir. 2000). A finding of equitable tolling is proper in "'those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party.'" *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). In other words, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation and internal quotation marks omitted).

With regards to the first prong of § 2255(f), a conviction becomes final when one of three events occur: (1) the opportunity to appeal the district court's judgment expires; (2) the defendant's opportunity to file a petition for a writ of certiorari from the appellate court expires; or (3) the United States Supreme Court denies the inmate's petition for a writ of certiorari. *See Clay v. United States*, 537 U.S. 522, 524–25, 532 (2003). Here, this Court sentenced and entered judgment against Nichols on May 23, 2007. Nichols had ten days from that date to file a direct appeal. *See* Fed. R. App. P. 4(b)(1) (effective until Dec. 9, 2009); (*see also* Sentencing

4

Minutes, ECF No. 26). Nichols did not file an appeal. Consequently, his sentence became final on June 4, 2007.[1] *See Clay*, 537 U.S. at 527. He therefore had one year from June 4, 2007 to file his § 2255 Motion. 28 U.S.C. § 2255(f). Nichols, however, did not file his instant Motion until July 15, 2013[2]—nearly five years after the one-year statute of limitations had run. As a result, the present § 2255 Motion is certainly time-barred under the first prong of § 2255(f).

Nichols is also not entitled to equitable tolling of the limitations period. Nichols argues that he "has due diligently sought to find releief [sic] in his case, although the statutes and guidelines are somewhat difficult to understand. [He] has for some time looked for a way to explain said case and upon learning how to study case law had [sic] now found cases to support said claim." (§ 2255 Mot. at 13.) Additionally, although difficult to decipher, in his reply Nichols seems to argue that equitable tolling should apply because he did not discover that he could appeal his conviction until after he reviewed the transcripts. (*See* Reply Mem. at 2.) However, Nichols' conclusory arguments fail to demonstrate that "he has been pursuing his rights diligently" and "that some extraordinary circumstances stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649. Thus, Petitioner's § 2255 Motion is not entitled to equitable tolling and is accordingly barred by the statute of limitations.

In his reply memorandum, Nichols attempts to save his § 2255 Motion by citing *Alleyne v. United States*, 133 S. Ct. 2151 (2013). (*See* Reply Mem. at 1–2.) Although the Court may dismiss these new arguments raised only in Nichols' reply memorandum, *Hull v. United States*, No. RWT 05-0109, 2008 WL 4181946, at *3–4 (D. Md. Sept. 5, 2008), for the sake of thoroughness the Court will address the merits of these claims.

The third prong of § 2255(f) allows a petition under § 2255 to be filed within one year of a new right being recognized by the Supreme Court and made retroactively applicable to cases

---

[1] *See* Fed. R. Crim. P. 45(a)(1)(C).
[2] Petitioner mailed his § 2255 Motion on July 15, 2013 and thus the Motion will be deemed filed on that date, even though the Court did not enter the Motion until July 22, 2013. *See Houston v. Lack*, 487 U.S. 266, 270 (1988) (holding an inmate's document is deemed filed as of the date it is deposited in the prison mailing system).

on collateral review. As noted above, Nichols focuses on the Supreme Court's decision in *Alleyne*. In *Alleyne*, the Supreme Court held "that any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." 133 S.Ct. at 2155. Nichols alleges that this opinion created a new substantive right, which allows him to pursue the immediate collateral appeal. (Reply Mem. at 2.) Although *Alleyne* did announce a new constitutional rule of criminal procedure, the case is not retroactive on collateral review. *See In re Payne*, 733 F.3d 1027, 1029 (10th Cir. 2013); *Ferranti v. United States*, No. 1:91CR337-A, 2014 WL 2967944, at *2 (E.D. Va. June 30, 2014); *Williams v. United States*, No. 4:09cr00039, 2014 WL 526692, at *4 (W.D. Va. Feb. 7, 2014). *Alleyne* was decided on June 17, 2013. Nichols was sentenced by this Court on May 23, 2007. Therefore, as *Alleyne* is not retroactive, Nichols' instant § 2255 Motion is barred. *See* 28 U.S.C. § 2255(f).

## IV.   CERTIFICATE OF APPEALABILITY

A district court that enters a final order denying a § 2255 motion must grant or deny a certificate of appealability. Rule 11(a) of the Rules Governing Section 2255 Proceedings. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Miller-El*, 537 U.S. at 336–38 (citing *Slack*, 529 U.S. at 484). For the reasons stated more fully above, no law or evidence suggests Nichols is entitled to further consideration of his claims. Accordingly, a certificate of appealability is DENIED.

## V.   CONCLUSION

For the foregoing reasons, the Court hereby GRANTS the Motion to Dismiss and DISMISSES the § 2255 Motion as untimely. Further, the Court DENIES a certificate of appealability.

Let the Clerk send a copy of this Memorandum Opinion to the *pro se* Petitioner and all counsel of record.

An appropriate Order shall issue.

_____/s/_____
James R. Spencer
Senior U. S. District Judge

ENTERED this __7th____ day of July 2015.